UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DAMON PENN,                              :
                                         :
            Petitioner,                  :     Civ. No. 12-2319 (RBK)
                                         :
     v.                                  :     **OPINION**
                                         :
DONNA ZICKEFOOSE,                        :
                                         :
            Respondent.                  :
_____      :

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a former federal prisoner who was previously incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner requests the restoration of forty days of good time credits as such time was taken away from him as a result of a prison disciplinary proceeding. For the following reasons, the habeas petition shall be denied as moot.

## II.   BACKGROUND

While in prison, petitioner was charged in a prison disciplinary proceeding of possessing narcotics. A prison disciplinary hearing was conducted and petitioner lost forty days of good time credits. He argues that his due process rights were violated during the course of the proceeding in violation of *Wolff v. McDonnell*, 418 U.S. 539 (1974). Respondent filed an answer to the habeas petition and respondent filed a reply.

After the matter was fully briefed, on March 5, 2014, petitioner was release from federal prison. *See* http://www.bop.gov/inmateloc/ (last visited on October 27, 2014); *see also Walsh v. Zickefoose*, No. 12-3961, 2013 WL 504600, at *6 (D.N.J. Feb. 8, 2013) (taking judicial notice of

federal prisoner's projected release date from inmate locator website); *Obi v. Hogsten*, NO. 05-2531, 2006 WL 42175, at *1 n.2 (M.D. Pa. Jan. 6, 2006) (taking judicial notice of prisoner's release date from Bureau of Prisons' inmate locator website). On October 3, 2014, the Court issued an order to show cause on petitioner why his habeas petition should not be dismissed as moot in light of his release from federal prison. Petitioner has not responded to the order to show cause.[1]

### III.   DISCUSSION

At the outset, it is worth noting that the issue of whether petitioner's habeas petition is moot was raised by the Court *sua sponte*. *See Chong v. Dist. Dir., Immigration & Naturalization Serv.*, 264 F.3d 378, 383 (3d Cir. 2001) ("Although the parties did not raise the case or controversy issue in their original briefs, we must resolve the issue because it implicates our jurisdiction.") (citing *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978); *Rogin v. Bensalem Twp.*, 616 F.2d 680, 684 (3d Cir. 1980)); *Paz v. Zickefoose*, No. 12-2114, 2013 WL 5973188, at *2 (D.N.J. Nov. 8, 2013) ("A court may dismiss a case *sua sponte* on grounds of mootness.") (citing *New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30 (3d Cir. 1985)). As the Third Circuit has noted:

> Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984); *Valley Forge Christian Coll. v. Americans United For Separation of Church &*

---

[1] The order to show cause was returned to the Court as undeliverable on petitioner. After his release from federal prison on March 5, 2014, petitioner did not file a notice of a change of address with the Court despite the local rule that requires him to do so. *See* L.Civ.R. 10.1(a) ("[U]represented parties must advise the Court of any change in their . . . address within seven days of being apprised of such a change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court.").

> *State, Inc.*, 454 U.S. 464, 471-73 (1982)). Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies "admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).
>
> The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome. *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer* [*v. Kemma*], 523 U.S. [1,] 7 [(1998))] (quoting *Lewis*, 494 U.S. at 477). Incarceration satisfies the case or controversy requirement; it is a concrete injury caused by a conviction and likely to be redressed by invalidation of the conviction. *Id.* Once a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue. *Id.*

*Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added).

"Good time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." *See Scott v. Schuykill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008) (per curiam). Thus, once petitioner was released from prison on March 5, 2014, his good time credits ceased to have any effect and his petition seeking the restoration of good time credits was rendered moot. *See id.*; *see also Russell v. Fed. Bureau of Prisons*, No. 13-2601, 2014 WL 2450895, at *2 (M.D. Pa. May 29, 2014) (release from prison mooted petitioner's habeas petition seeking restoration of good time credits). Additionally, petitioner failed to present to the Court any potential collateral consequences that remain from the revocation of forty days of his good time credits while incarcerated, despite being given the opportunity to do so. *See Scott v. Holt*, 297 F. App'x 154, 156 (3d Cir. 2008) (per curiam) ("Because [petitioner] served his complete

3

term of imprisonment, [he] cannot show some concrete and continuing injury from the loss of good time credits."). Accordingly, the petition will be denied as moot.

### IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate order will be entered.


DATED:   October 28, 2014

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge